IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDRICK H. INGRAM, SR., ) <br> R70446, ) <br> ) <br>           **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> HEATHER CECIL, ) <br> DEANNA BROOKHART, ) <br> DAN DOWNEN, ) <br> ) <br>           **Defendants.** ) | Case No. 22-cv-37-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Plaintiff Kendrick H. Ingram, Sr., an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pinckneyville Correctional Center, brings this civil rights action for alleged deprivations of his constitutional rights at Lawrence Correctional Center ("Lawrence"). (Doc. 1). Plaintiff alleges that defendants violated his Fifth Amendment rights by confiscating an envelope, tax document, and money voucher that he attempted to transmit to the Internal Revenue Service ('IRS'). Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual

allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges his rights were violated because defendants opened an envelope that contained a 1040 tax form and a money voucher, and they confiscated or disposed of the contents rather than returning it to him. (Doc. 1 at 6). He further contends that he did not believe the envelope should be subject to screening because it contained personal information and it was being transmitted to a federal entity, namely the Internal Revenue Service (IRS) or U.S. Department of Treasury. (*Id.*). As relief, he seeks $85,000 in punitive damages, and an order that mail to the IRS be treated as privileged and be transmitted sealed. (*Id.* at 7). In support of his complaint, he submitted an additional statement of the claim, grievance documentation, and third-party information about filing tax documents. (*Id.* at 8-28).

## Analysis

Plaintiff framed his claim under the Fifth Amendment, but the defendants are state actors (employees of Lawrence Correctional Center), so the Fifth Amendment is not the correct source of law. The Fifth Amendment only applies to a deprivation of property claim if plaintiff alleges action by the federal government. *Jackson v. Byrne*, 738 F.2d 1443, 1446 (7th Cir. 1984). Other deprivation of property claims are appropriately brought under the Due Process Clause of the Fourteenth Amendment. *Id.*.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act

that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). The Illinois Court of Claims provides an exclusive remedy for "[a]ll claims against the State founded upon any law of the State of Illinois or upon any regulation adopted thereunder by an executive or administrative officer or agency," 705 ILCS 505/8(a), and "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit," 705 ILCS 505/8(d). The state remedy for the deprivation of an inmate's property provides an adequate remedy at law. *See e.g. Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999).

Here, Illinois provides an adequate remedy for Plaintiff to seek a refund of any money that was lost by the confiscation of his mail and money voucher, so the facts he alleges are insufficient to state a Fourteenth Amendment deprivation of property claim.

The more significant issue that is apparent from the facts presented, is the question of if it was appropriate for prison officials to confiscate Plaintiff's letter, and if Plaintiff's mail should have been treated as privileged. Both issues fall within the scope of the First Amendment. *See e.g. Gaines v. Lane*, 790 F.2d 1299 (7th Cir. 1986) (discussing the First Amendment and prisoner's rights concerning sending and receiving mail); *Williams v.*

*Hansen*, 837 F.3d 809, 810 (7th Cir. 2016) (discussing a prison's ability to confiscate inmate mail).

Despite the possibility that Plaintiff could have a potentially viable First Amendment claim or claims, his case may not proceed at this juncture because the exhibits he submitted plainly show that he did not properly exhaust administrative remedies in this case. The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

The IDOC grievance process permits an inmate to file an emergency grievance directly to the Chief Administrative Officer ('CAO'). *See* 20 ILL. ADMIN. CODE § 504.840(a). If the CAO determines that the grievance is a non-emergency, the prisoner is notified in writing that the prisoner may resubmit the grievance as a non-emergency and move forward with the standard grievance process. See 20 ILL. ADMIN. CODE § 504.840(c). Plaintiff's grievance was denied emergency status, so to exhaust the grievance he was required to file the grievance pursuant to normal procedures. Plaintiff's grievance was denied emergency status on November 10, 2020, and his counselor received the grievance for normal processing on December 1, 2020. (Doc. 1 at 17). On December 4, 2020, the

counselor indicated that the clinical services department was initially directed to collect and mail the tax forms en masse for inmates and was later directed to just process the mail as tendered by the inmates. During this period, the counselor indicated that no records were kept, so to inquire about his form the counselor advised Plaintiff to contact the IRS directly. (*Id.*). In substance, this response denied the relief Plaintiff sought in his grievance—which was proof that his tax form had been mailed to the IRS.

Under IDOC's procedure, an inmate initiates a grievance with his counselor, and if he is dissatisfied with the response he may then submit his grievance to a grievance officer at his facility, and to the CAO at his facility. The Grievance Officer shall whenever reasonably feasible, report findings and recommendations to the CAO within two months after receipt of the grievance. 20 ILL. ADMIN. CODE 504.830(e). If an inmate is unsatisfied with the outcome at the facility he must appeal to the ARB within 30 days. 20 ILL. ADMIN. CODE § 504.850(a).

Rather than attempt to submit the grievance to the grievance officer at his facility, or to the CAO for the final level of review, Plaintiff transmitted his grievance directly to the ARB on December 9, 2020, a mere five days after the counselor responded. (Doc. 1 at 20-23). Plaintiff skipped the step that required him to submit the grievance to the grievance officer and the CAO. The ARB rejected the grievance because Plaintiff did not follow the correct procedures at the prison. (*Id.* at 23). Based on the information available from the face of the complaint and the attached grievance documentation, it appears without a doubt that Plaintiff did not fully and appropriately exhaust administrative

remedies. Accordingly, any First Amendment claim will be dismissed without prejudice for failure to exhaust administrative remedies.

## Disposition

In sum, Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice because he failed to state a Fifth or Fourteenth Amendment due process claim, and in part for failure to exhaust administrative remedies. Plaintiff's pending Motions for Status (Docs. 17, 18) are **DENIED** as **MOOT**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to Plaintiff at Menard Correctional Center because in a Motion for Status dated March 19, 2023, Plaintiff listed his address as Menard Correctional Center in his signature block. Plaintiff is informed that this is a one-time courtesy. As he was notified earlier in this case, if an inmate's address changes, he "must notify the Court within seven days of the change by filing a Notice of Change of Address." (Doc. 4).

The Clerk's Office is **DIRECTED** to enter judgment accordingly, and to close this case.

**IT IS SO ORDERED.**

Dated: March 22, 2023

> *s/ Stephen P. McGlynn*
> STEPHEN P. McGLYNN
> United States District Judge